# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Morphis,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-02589-PHX-KML (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:**

On December 12, 2023, through retained counsel, Petitioner James Morphis ("Petitioner"), who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) ("Petition"). (Doc. 1)[1] This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 4 at 3)

This matter is before the Court on Petitioner's June 11, 2024, Motion for Leave to Amend Petition for a Write [*sic*] of Habeas Corpus (28 U.S.C. § 2254) ("motion to amend"), which was docketed by Petitioner's counsel as a motion to supplement. (Doc. 17) On July 9, 2024, Respondents filed a response to the motion to amend. (Doc. 22) On August

---

[1] Citation to the record indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-23-02589-PHX-KML (DMF).

15, 2024, Petitioner filed a reply in support of the motion to amend. (Doc. 26) After careful review of the record, the parties' arguments, and the applicable law, it is recommended that Petitioner's motion to amend be denied.[2]

## I. PROCEDURAL HISTORY AND POSTURE

In his December 12, 2023, Petition, Petitioner raises one ground for relief (Ground One). (Doc. 1) Throughout these proceedings, Petitioner has been represented by retained counsel. (*See, e.g., Id.*) In the Petition, Petitioner asserts that A.R.S. § 13-1407(E) placed the burden on Petitioner to show lack of sexual intent as an affirmative defense to the charges of child molestation and to the charges of sexual conduct with a minor in violation of Petitioner's due process rights under the Sixth and Fourteenth Amendments of the United States Constitution. (*Id.*)

On January 10, 2024, the Court ordered Respondents to answer the Petition. (Doc. 4 at 2)

On February 20, 2024, Respondents filed their Answer to the Petition. (Doc. 7) In their Answer, Respondents assert that the Petition's sole claim fails on the merits and request that a certificate of appealability be denied. (*Id.*)

On May 28, 2024, Petitioner filed a "Supplemental Petition for a Writ of Habeas Corpus" (Doc. 14). As part of Petitioner's reply in support of the Petition, Petitioner also filed a motion for leave to supplement or amend the Petition (Doc. 15). Respondents filed a response in opposition to Petitioner's motion for leave to supplement or amend the Petition. (Doc. 16) Petitioner filed a reply. (Doc. 18)

The Court struck Petitioner's Supplemental Petition for Writ of Habeas Corpus (Doc. 14) for non-compliance with Fed. R. Civ. P. 15, denied Petitioner's motion for leave to supplement or amend the Petition in Doc. 15 without prejudice for non-compliance with LRCiv. 15.1, and stated that Petitioner's arguments presented as reply in support of the Petition in Doc. 15 would be considered when evaluating the Petition claim. (Doc. 19)

---

[2] The Petition will be addressed by separate Report and Recommendation.

## II. PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION FOR A WRITE [*SIC*] OF HABEAS CORPUS (Doc. 17)

### A. Summary of the Parties' Positions and Arguments

On June 11, 2024, Petitioner filed the pending Motion for Leave to Amend Petition for a Write [*sic*] of Habeas Corpus ("motion to amend"), which was docketed by Petitioner's counsel as a motion to supplement. (Doc. 17) In the motion to amend, Petitioner requests to amend his Petition to assert a claim that Arizona's molestation statute, under which Petitioner was convicted on multiple counts, is unconstitutionally overbroad and vague. (Doc. 17-1 at 13-17) Petitioner argues that Arizona's "burden-shifting molestation statute," A.R.S. § 13-1410, is facially unconstitutional because it does not put the public on fair notice of prohibited conduct, does "not narrow the scope of the prohibitions to nefarious intent[,]" and prohibits constitutionally protected conduct such that the statutes are overbroad and/or vague. (*Id.*) In the motion to amend, Petitioner asserts that although he did not directly present his claim to the Arizona state courts, he sufficiently stated the issue in the state courts for exhaustion purposes. (Doc. 17 at 3-4) Petitioner asserts that he put the state courts on notice of a facial unconstitutionality claim because he requested a jury instruction for lack of sexual interest and raised an objection to burden-shifting for the reasons set forth in *May v. Ryan*, 245 F.Supp.3d 1145 (2017). (*Id.*)[3] Petitioner asserts that although the petitioner in *May* did not raise an overbreadth/vagueness claim, Petitioner sufficiently raised his proposed overbreadth/vagueness claim because "the overbreadth of the statute is what renders it unconstitutional when the narrowing element (sexual intent) is removed and relegated to an affirmative defense." (*Id.*) Petitioner also argues that even if he did not exhaust his overbreadth/vagueness claim, he has no state corrective process remaining. (Doc. 17 at 5-6) Petitioner asserts that raising the claim in state court would be futile because the Arizona Supreme Court's decision in *State v. Holle*, 240 Ariz. 300 (2016), precludes consideration of the claim Petitioner seeks to add to his Petition. (*Id.*)

---

[3] On March 27, 2020, in *May v. Ryan*, 807 F.App'x 632 (9th Cir. 2020), the Ninth Circuit reversed *May v. Ryan*, 245 F.Supp.3d 1145 (2017).

Respondents oppose granting Petitioner leave to amend, arguing futility of amendment to add the additional claim. (Doc. 22). In their response in opposition to Petitioner's pending motion to amend, Respondents argue that amendment is futile because the claim Petitioner seeks to add is procedurally defaulted, and, putting procedural default aside, Petitioner's vagueness/overbreadth claim is plainly meritless. (*Id.*) Respondents assert that Petitioner did not exhaust an overbreadth/vagueness claim in the state courts during his direct appeal or PCR proceedings. (*Id.* at 2-5) Respondents further argue that Petitioner has not shown a lack of corrective process, that Petitioner has not shown futility to excuse having not raised an overbreadth/vagueness claim in the state court, and that futility does not excuse procedural default. (*Id*. at 5-7) In addition, Respondents argue that any overbreadth/vagueness claim is not viable because Petitioner engaged in "unquestionably prohibited conduct." (*Id*. at 8-9)

In reply in support of his motion to amend, Petitioner argues that the procedural default of his proposed overbreadth/vagueness claim should be excused pursuant to *Martinez v. Ryan*, 66 U.S. 1, 14 (2012). (Doc. 26 at 1-5) Citing *Davila v. Davis*, 582 U.S. 521 (2017), Petitioner asserts that under *Martinez*, ineffective assistance of appellate counsel excuses procedural default of a claim of ineffective assistance of trial counsel, and Petitioner asserts that ineffective assistance of PCR counsel should similarly excuse appellate counsel's failure to raise a claim on appeal. (*Id*. at 2-5) Petitioner also argues that his proposed vagueness claim would not be futile because the United States Supreme Court has not "foreclosed the possibility" of finding a criminal statute facially invalid as overbroad. (*Id*. at 5) Although Petitioner recognizes that the Supreme Court has only found statutes overbroad in the First Amendment context, Petitioner asserts that the United States Supreme Court has not expressly said that a criminal statute cannot be facially unconstitutional. (*Id*.) Petitioner asserts that the statutes under which he was convicted can never be applied "constitutionally because the statues [*sic*] prohibit basic parenting and caregiving duties." (*Id*. at 6) Petitioner argues that he put the state courts on notice of an overbreadth/vagueness claim because of the connection between his proposed

overbreadth/vagueness claim and his Petition claim regarding lack of sexual intent or interest. (*Id*. at 6-7)

### B. Discussion

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; Rule 12, Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 15(a) applies to a party's motion to amend a pleading in a habeas corpus proceeding. *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001); *see also* Local Rule of Civil Procedure ("LRCiv") 15.1. Pursuant to Fed. R. Civ. P. 15(a), leave to amend shall be freely given "when justice so requires." Although a court should review motions to amend in light of the policy favoring amendment, a court may deny a motion to amend due to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend. *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004). A court may deny a motion to amend solely due to futility, which involves an assessment of whether the proposed claim in the motion to amend was exhausted in state court and whether relief may be available on the merits of the proposed claim. *Caswell*, 363 F.3d at 837-39; *see also Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021) ("Amendment is futile if the claim sought to be added is not viable on the merits." (citing *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014))).

First, Petitioner has not provided a satisfactory explanation, or any explanation, for his failure to raise the proposed amended claim earlier, despite that Petitioner has been represented by the same retained counsel throughout this matter. (Docs. 17, 26) Indeed, Petitioner did not even seek to amend or supplement his Petition for the first time until

months after Respondents had answered the December 2023 Petition filed by Petitioner's retained counsel. (Docs. 7, 15) Petitioner unduly delayed seeking to amend or supplement the Petition. Further, to the extent that Petitioner seeks to re-write his original Petition claim in the proposed amended petition (Doc. 17-1), that request is both unduly delayed without explanation and also moot given that Plaintiff's briefing in reply (Doc. 15) was sufficient to cover the matters raised in these proceedings. In addition, the rules and applicable law do not allow Petitioner to get a complete "redo" on the briefing on his Petition after reading Respondents' Answer to the Petition. To allow such a redo of the briefing would unduly prejudice Respondents.

Second, Respondents are correct that Petitioner's proposed amendment of the Petition to add the additional proposed claim would be futile, defeating Petitioner's motion to amend on that basis alone.

As a first matter, the claim Petitioner seeks to raise is procedurally defaulted without excuse. To fairly present and properly exhaust his overbreadth/vagueness claim in the state courts, Petitioner was required to present both the factual and legal basis for such a claim. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Petitioner did not do so. In the trial court, Petitioner requested a jury instruction regarding lack of sexual interest, citing *May*, 245 F.Supp. at 1145, and *Holle*, 240 Ariz. at 300. (Doc. 7-1 at 903-10) Petitioner argued that sexual interest was an element of the charged offenses, not an affirmative defense. (*Id*. at 906) Petitioner did not argue that the statutes under which he was charged were vague or overbroad. Petitioner did not raise his proposed overbreadth/vagueness claim in his direct appeal of his convictions and sentences in the court of appeals. (*See* Doc. 7-2 at 2-24; Doc. 7-3 at 2-24) Petitioner also did not raise his proposed overbreadth/vagueness claim in his PCR proceedings in the superior court, nor did Petitioner file a petition for review in the court of appeals regarding the denial of PCR relief in the superior court. (*See* Doc. 7-4 at 87-94, 127-37) In his pending motion to amend, Petitioner expressly acknowledges that facial unconstitutionality claims were "not directly presented in the Arizona courts[.]" (Doc. 17 at 4)

Nevertheless, Petitioner argues that by requesting a lack of sexual interest jury instruction and objecting to burden-shifting for the reasons set forth in *May*, Petitioner sufficiently placed the state courts on notice of his overbreadth/vagueness claim. (Doc. 17 at 3-4; Doc. 26 at 6-7) Petitioner asserts that *May* included a discussion of overbreadth/vagueness, such that his "constitutional objection was fairly presented on appeal because the overbreadth of the statute is what renders it unconstitutional when the narrowing element (sexual intent) is removed and relegated to an affirmative defense." (Doc. 17 at 4) However, the petitioner in *May* did not raise an overbreadth/vagueness claim, nor did the court in *May* directly address such a claim. *See May*, 245 F.Supp.3d at 1164 ("May has not made an overbreadth challenge or any other constitutional challenge."). Petitioner asserts that the court in *May* addressed overbreadth/vagueness because the court found that the Arizona child molestation statute "describes benign and constitutionally protected behavior that could only become wrongful with sexual intent[.]" (Doc. 17 at 4) *May*'s discussion of constitutionally protected behavior concerned due process of burden-shifting, not overbreadth/vagueness. 245 F.Supp.3d at 1156-65. Further, the Arizona Supreme Court in *Holle* also drew a distinction between a burden-shifting claim and a claim of constitutional vagueness, the latter of which the petitioner in *Holle* had not raised. 240 Ariz. at 309-10. Even if Petitioner's burden-shifting claim in his Petition is connected to Petitioner's proposed overbreadth/vagueness claim, Petitioner made no express overbreadth/vagueness argument in the state courts. The "mere similarity of claims" is not sufficient for exhaustion in state court. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (not enough to present facts to state court or make a "somewhat similar state-law claim"). In sum, Petitioner did not fairly present the factual and legal basis for his proposed overbreadth/vagueness claim to the state courts. *See Castillo*, 399 F.3d at 999. Because Petitioner did not fairly present his proposed overbreadth/vagueness claim to the state courts for one full round of review, Petitioner did not exhaust his proposed overbreadth/vagueness claim. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (petitioner properly exhausts claim by fairly presenting to

Arizona Court of Appeals). Here, Petitioner presents no new facts, "only new theories" and provides an insufficient explanation for his failure to previously raise his proposed overbreadth/vagueness claim. *Bonin*, 59 F.3d at 845.

Petitioner's proposed overbreadth/vagueness claim is procedurally defaulted because it is too late for Petitioner to raise such a claim in the state courts. Ariz. R. Crim. P. 32.2(a) (defendant precluded from relief pursuant to 32.1(a) that was waived on appeal or in previous PCR proceedings); Ariz. R. Crim. P. 32.4(b)(3)(A) (claims filed pursuant to Rule 32.1(a) must be filed within 90 days after oral pronouncement of sentence or 30 days after issuance of mandate in direct appeal, whichever is later); Ariz. R. Crim. P. 32.1(b)-(h), 32.2(b), 32.4(b)(3)(B) (allowing defendant to assert claims identified in Rule 32.1(b) through (h) within reasonable time after discovering basis for the claim). Petitioner recognizes in his Motion to Amend that raising his proposed overbreadth/vagueness claim "would be an exercise in futility" because "most constitutional issues are waived if not raised on direct appeal." (Doc. 17 at 5) Petitioner does not argue that he is able to return to state court to present his unexhausted proposed overbreadth/vagueness claim, nor does the record support such an argument. (*See* Docs. 17, 26)

Petitioner also has not shown that his perceived futility of exhausting his proposed overbreadth/vagueness claim in state court would excuse Petitioner's procedural default of such a claim. Petitioner cannot bypass state court corrective remedies simply because he believed that the state courts would rule unfavorably on his proposed overbreadth/vagueness claim. *See, e.g., Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time"). Petitioner cites *Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997), in his motion to amend (Doc. 17 at 5), but

the portion of *Lynce* cited by Petitioner is dicta. In *Lynce*, the Supreme Court observed in a footnote that respondents had failed to raise the exhaustion issue in the appellate courts, presumably because exhaustion of petitioner's claim would have been futile based on Florida law at the time. *Id*. The *Lynce* opinion did not cite *Engle*, 456 U.S. at 13, or seek to reconcile its footnote observation with the holding in *Engle*. Even if Petitioner believed that his proposed overbreadth/vagueness claim would have been rejected by the state courts based on language in *Holle*, Petitioner could have exhausted his proposed overbreadth/vagueness claim in the court of appeals during his direct appeal to avoid procedurally defaulting such a claim for future federal habeas proceedings. Petitioner did not do so.[4]

If a petitioner can demonstrate cause and actual prejudice to excuse the default of a procedurally defaulted claim, the Court may review such a claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner argues that *Martinez*, 566 U.S. at 14, may excuse his procedural default of his proposed overbreadth/vagueness claim. (Doc. 26 at 1-5) Citing *Davila*, 582 U.S. at 539-43, Petitioner argues that the ineffective assistance of PCR counsel should excuse the procedural default of a claim that appellate counsel failed to raise. (*Id*. at 2-5) Petitioner asserts that "[n]o corrective process for ineffective assistance of appellate counsel is available when post-conviction counsel does not raise the claim." (*Id*. at 2-5)

In *Martinez*, the United States Supreme Court held that ineffective "assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Cause under *Martinez* is established when "(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] … be raised in an initial-review collateral proceeding.'" *Trevino v.*

---

[4] Petitioner acknowledges that "*Holle* did not directly address [vagueness or overbreadth] in its opinion." (Doc. 17 at 5)

*Thaler*, 569 U.S. 413, 423 (2013). Cause under *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 16. In *Davila*, the Supreme Court declined to extend *Martinez* to circumstances where a petitioner's PCR counsel provided ineffective assistance by failing to raise a claim of ineffective assistance of appellate counsel. 582 U.S. at 529. Petitioner's proposed overbreadth/vagueness claim is not a claim of ineffective assistance of trial or appellate counsel, nor can Petitioner rely on *Martinez* or *Davila* to excuse his procedural default of his proposed overbreadth/vagueness claim.

As a second matter, Petitioner has not shown that his proposed overbreadth/vagueness claim is viable on the merits, and the record as well as applicable law reveal that the claim is not viable. Petitioner's proposed overbreadth/vagueness claim challenges A.R.S. § 13-1410 and A.R.S. § 13-1405 as overbroad or vague for covering both unlawful conduct and lawful conduct, such as "basic parenting and caregiving duties." (Doc. 17-1 at 13-17; Doc. 26 at 5-7) Petitioner does not challenge that the underlying acts leading to his convictions and sentences demonstrate sexual intent (*see* Doc. 17 at 2 ("Petitioner does not dispute that the facts underlying his convictions indicate sexual intent."); *see also* Doc. 15 at 3 (same)), and Petitioner's conduct was clearly proscribed. *See* A.R.S. §§ 13-1404(A), 13-1405(A), 13-1410(A). Petitioner made several admissions as to sexual contact with the victim during a confrontation call with the victim's mother, and Petitioner expressly stated that the sexual contact leading to the charges against him was due to "overwhelming desires" that Petitioner "described as an addiction." (Doc. 7-4 at 66-67) Petitioner concedes that A.R.S. § 13-1410 and A.R.S. § 13-1405 may be constitutionally applied to Petitioner's actions. Doc. 17 at 2 ("Petitioner does not dispute that the facts underlying his convictions indicate sexual intent."); *see also* Doc. 15 at 3 (same)). Thus, Petitioner cannot challenge the potential unconstitutional application of Arizona's child molestation and sexual conduct with a minor statutes to the protected behavior of others, such as to parents and caregivers performing childcare, nor has the United States Supreme Court determined that a criminal statute may be facially invalid as

overbroad. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) (collecting cases) (in First Amendment context, "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court"); *Schall v. Martin*, 467 U.S. 253, 268 n.18 (1984) (criminal statutes outside First Amendment context "may not be attacked as overbroad");[5] *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment"); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)) (where petitioner's conduct is "clearly proscribed," petitioner cannot challenge vagueness of law applied to others' conduct).

### III.  CONCLUSION

In sum, Petitioner unduly delayed, without satisfactory explanation, seeking to amend or supplement his Petition. Redoing the briefing on the Petition issue at all, let alone months after Respondents filed their answer, would be unduly prejudicial. In any event, Petitioner had sufficient opportunity to reply in support of the Petition, mooting any request to supplement his Petition claim arguments. (Doc. 15) Importantly, Petitioner's request to add the proposed additional claim in his motion to amend and accompanying proposed amended petition (Docs. 17; 17-1) is futile. Petitioner did not exhaust and has procedurally defaulted his proposed overbreadth/vagueness claim, did not lack state corrective remedies, and has not shown that his proposed overbreadth/vagueness claim is viable on the merits. Indeed, the record and applicable law undermine the viability of the proposed additional claim on its merits. Applying applicable law to the record in this matter, Petitioner's motion to amend (Doc. 17) should be denied.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Leave to

---

[5] Petitioner expressly recognizes in his reply in support of his motion to amend that the United States Supreme Court has not found a criminal statute facially invalid as overbroad. (Doc. 26 at 5-6)

Amend Petition for a Write [*sic*] of Habeas Corpus (28 U.S.C. § 2254) (Doc. 17) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of August, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge