# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Morphis,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-02589-PHX-KML (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 4 at 3)[1]

On December 12, 2023, through retained counsel, Petitioner James Morphis ("Petitioner"), who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) ("Petition"). (Doc. 1) On January 10, 2024, the Court ordered Respondents to answer the Petition. (Doc. 4 at 2)

On February 20, 2024, Respondents filed their Answer to the Petition ("Answer"). (Doc. 7) On May 28, 2024, Petitioner filed a "Supplemental Petition for a Writ of Habeas Corpus and Reply to State's Answer" (Doc. 14) and a motion for leave to amend or

---

[1] Citation to the record indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-23-02589-PHX-KML (DMF).

supplement the Petition, as part of Petitioner's reply in support of the Petition (Doc. 15). Respondents filed a response to Petitioner's motion for leave to amend or supplement the Petition. (Doc. 16) Petitioner filed a reply. (Doc. 18) On June 12, 2024, the Court struck Petitioner's Supplemental Petition for Writ of Habeas Corpus (Doc. 14) for non-compliance with Fed. R. Civ. P. 15, denied Petitioner's motion for leave to supplement or amend the Petition in Doc. 15 without prejudice for non-compliance with LRCiv 15.1, and stated that Petitioner's arguments presented as reply in support of the Petition in Doc. 15 would be considered when evaluating the Petition claim. (Doc. 19)

On June 11, 2024, Petitioner filed a "Motion for Leave to Amend Petition for a Write [*sic*] of Habeas Corpus" ("motion to amend"), which Petitioner filed as a motion to supplement. (Doc. 17) On July 9, 2024, Respondents filed a response to Petitioner's motion to amend. (Doc. 22) Petitioner filed a reply. (Doc. 26) Petitioner's motion to amend was addressed by separate Report and Recommendation recommending denial. (Doc. 27)

For the reasons set forth below, it is recommended that these proceedings be denied with prejudice, that the Clerk of Court be directed to terminate this matter, and that a certificate of appealability be denied.

## I. BACKGROUND

### A. Charges, Convictions, and Sentences

In its memorandum decision affirming Petitioner's convictions and sentences in Maricopa County Superior Court case number CR2016-126427-001, the Arizona Court of Appeals summarized the events leading to the charges against Petitioner:

> [Petitioner] lived with his girlfriend and her daughter, M.M. On June 1, 2016, shortly after M.M. turned 12 years old, [Petitioner] picked her up from "summer camp" at a local school and took her to a clothing store. When they arrived home, M.M. locked herself in her room because she was "scared" that something "was going to happen." She later informed her mother that [Petitioner] had been touching her inappropriately, and her mother called the police. M.M. underwent a forensic interview and medical examination on June 2.
>
> During the forensic interview, M.M. stated that she was about nine years old when [Petitioner] started to touch her private parts. He would put his hand up her shirt and touch her "chest." He would also put his hand in M.M.'s pants and rub "on the outside[] with his hands[,]" but did not "put his finger inside" her vagina. She stated that he "started to do more things" when she

turned 11 years old. For example, one night while M.M. was sleeping in her room, [Petitioner] went naked into her room and pulled down her shorts and underwear. He then touched M.M. with his "private area" and then put it "inside" of M.M.'s "private area." M.M. stated that [Petitioner] "basically" had "sex with [her]" and had done so more than once. The interviewer asked her to elaborate what she meant by "sex." M.M. replied that [Petitioner] stuck his "private area into [her] pee private" and "then stuff came out, and it was in [her]." She then explained that the "stuff" was "white" and "creamlike." The interviewer asked M.M. to describe another time that [Petitioner] had sex with her. M.M. did not describe an incident of penile-vaginal intercourse, but instead an incident where [Petitioner] rubbed his penis on her butt. Afterwards, M.M. stated that [Petitioner] "licked" the inside of her "private area" on multiple occasions. She stated that the last time [Petitioner] touched her inappropriately was on May 27, 2016.

M.M.'s mother made a "confrontation call" to [Petitioner], which the police recorded. She told [Petitioner] that M.M. had claimed that he "stuck [his] thing in her thing." [Petitioner] admitted that he had "touched [M.M.] inappropriately" and that he was "very ashamed." During the course of their conversation, [Petitioner] stated that he had (1) "licked" M.M.; (2) put his fingers inside M.M.; (3) put his penis against M.M.'s vagina about three times, but did not put it in her vagina; (4) laid M.M. down on a bed after a shower and "licked" her; (5) put his finger in M.M.'s butt four to six times; (6) "licked" M.M. less than ten times; (7) put his fingers in M.M.'s butt or vagina eight times; (8) ejaculated one time while he put his penis against M.M.'s vagina, but not in it; (9) made M.M. rub his penis with her hands sometimes; (10) made M.M. "cum," usually with his tongue; (11) made M.M. "cum" with this tongue about three weeks ago; and (12) had sexual activity with M.M. 18 to 20 times.

[Petitioner] stated that he had committed these acts with M.M. because of his "overwhelming desires," which he described as an addiction. After the confrontation call, [Petitioner] sent M.M. a text stating, "I'm so sorry for everything I've done. I love you so much and I promise you, I will never touch you again. I hope some day you will be able to forgive me." M.M.'s mother sent [Petitioner] a text stating that she loved him, and [Petitioner] responded, "I don't know how you can. I hate myself."

[Petitioner] was subsequently indicted for two counts of sexual abuse, seven counts of child molestation, and seven counts of sexual conduct with a minor. Under Arizona Rule of Criminal Procedure 15.1 and Arizona Rule of Evidence ("Rule") 404, the State disclosed that "[a]ny written or electronically recorded statements of any witnesses" and "[a]ny written or electronically recorded statements of the defendant" may be introduced into evidence.

[Petitioner] was tried nearly two years later in February 2018. […]

During trial, [Petitioner] requested that the court instruct the jury that sexual interest was an element of the charged offenses. The court denied his request. [Petitioner] moved for a judgment of acquittal, and the court granted [Petitioner's] motion on two charges for sexual conduct with a minor. After trial, the jury convicted [Petitioner] of the remaining charges.

(Doc. 7-4 at 66-68)[2] During pretrial proceedings through sentencing, Petitioner was represented by counsel Omer Ramiro Gurion and Joey Hamby (collectively, "trial counsel"). (Doc. 7-1 at 11, 255, 269, 436, 594, 1082)

On March 19, 2018, the trial court sentenced Petitioner to concurrent five-year terms of imprisonment as to two counts of sexual abuse pursuant to A.R.S. § 13-1404(A) (counts 1 and 3), concurrent seventeen-year terms of imprisonment as to seven counts of molestation of a child pursuant to A.R.S. § 13-1410(A) (counts 2, 4, 5, 6, 8, 9, and 16), and consecutive life terms of imprisonment with the possibility of release after 35 years as to five counts of sexual conduct with a minor pursuant to A.R.S. § 13-1405(A) (counts 7, 10, 11, 12, and 13). (*Id*. at 1103-10) Petitioner's terms of imprisonment as to counts 1 and 3 and counts 2, 4, 5, 6, 8, 9, and 16 were to run concurrent to each other and consecutive to Petitioner's life sentences as to counts 7, 10, 11, 12, and 13. (*Id*. at 1107) The trial court further imposed community supervision as to counts 1 and 3. (*Id*.)

### B. Petitioner's Direct Appeal

Through trial counsel Omer Ramiro Gurion ("appellate counsel"), Petitioner timely appealed his convictions and sentences to the Arizona Court of Appeals. (Doc. 7-2 at 2-24; Doc. 7-3 at 2-24) Petitioner raised six issues: (1) whether the trial court erred in allowing the state to play the forensic interview of minor victim M.M. to the jury pursuant to Ariz. R. Evid. 803(5); (2) whether the trial court erred in admitting unnoticed Ariz. R. Evid. 404(b) and (c) evidence in the confrontation call with M.M.'s mother; (3) whether the trial court erred in admitting unnoticed Ariz. R. Evid. 404(b) and Ariz. R. Evid. 404(c) evidence in M.M.'s forensic interview; (4) whether Petitioner's statements should have been admitted absent *corpus delecti*; (5) whether the trial court erred in instructing the jury on flight or concealment; and (6) whether Arizona's affirmative defense for lack of sexual interest was constitutional. (Doc. 7-2 at 9) The state filed a response. (Doc. 7-4 at 2-63)

---

[2] The appellate court's stated facts are entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769 (1995) (per curiam) ("In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct."); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that the statement of facts in an Arizona Supreme Court opinion should not be afforded the presumption of correctness).

On August 8, 2019, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id*. at 65-74) In doing so, the court of appeals determined that the trial court had not erred in admitting M.M.'s recorded interview, M.M.'s interview statements, or the confrontation call with M.M.'s mother; sufficient *corpus delicti* existed to use Petitioner's statements as a basis for his convictions; the trial court had not erred in instructing the jury on concealment; and the trial court did not unconstitutionally shift the burden of proof regarding sexual interest. (*Id*.) As for Petitioner's argument regarding the constitutionality of the trial court's failure to instruct jurors that sexual interest was an element of the charged offenses, the court of appeals stated:

> Our supreme court has held that sexual interest is not an element of child molestation or sexual abuse. [*State v. Holle*, 240 Ariz. 300], 304 ¶ 19 [(2016)]. We are bound by that decision. *State v. Smyers*, 207 Ariz. 314, 318 ¶ 15 (2004). As for the other charges, sexual interest is not an element of sexual conduct with a minor. A.R.S. § 13-1405(A).
>
> Even if sexual interest were an element of the charged offenses, no reasonable juror could have concluded that the offenses were not committed with sexual interest. [Petitioner] admitted he sexually touched M.M. numerous times, and he explained that the sexual contact was due to an overwhelming desire that resembled an addiction. Any possible error would have been harmless.

(*Id*. at 73-74)

Petitioner filed a petition for review in the Arizona Supreme Court. (*Id*. at 76) On March 31, 2020, the Arizona Supreme Court denied review. (*Id*.) On April 28, 2020, the court of appeals issued its mandate. (*Id*. at 76-77)

The record does not reflect that Petitioner filed a petition for a writ of certiorari in the United States Supreme Court. (*See also* Doc. 1 at 2)

**C. Petitioner's Post-Conviction Relief ("PCR") Proceedings**

On May 11, 2020, through retained counsel Michael D. Kimerer ("PCR counsel"), Petitioner filed a PCR notice in the superior court. (*Id*. at 79-85) Petitioner asserted that the sentence imposed was unauthorized; that Petitioner was or would be in custody following the expiration of sentence; that newly discovered material facts existed that probably would have changed the judgment or sentence; that there was a significant change in the law that, if applicable to Petitioner's case, would probably overturn Petitioner's conviction or

- 5 -

1  sentence; and that the facts underlying the claim would be sufficient to establish by clear
2  and convincing evidence that no reasonable fact-finder would find Petitioner guilty of the
3  offense beyond a reasonable doubt. (*Id*. at 83-84)

4  On January 7, 2021, through PCR counsel, Petitioner filed a PCR petition in the
5  superior court. (*Id*. at 87-94) Petitioner asserted that trial counsel was ineffective for failing
6  to seek dismissal of the indictment based on date ranges in the indictment and that trial as
7  well as appellate counsel provided ineffective assistance by failing to challenge Petitioner's
8  sentence as to count 9 (molestation of a child) as violative of double jeopardy. (*Id*. at 128-
9  37; *see also id*. at 88-89) The state filed a response and conceded that Petitioner's
10 conviction for count 9 of the indictment violated the Double Jeopardy Clause. (*Id*. at 96-
11 112) Petitioner filed a reply. (*Id*. at 114-25)

12 On October 12, 2022,[3] following an evidentiary hearing, the superior court granted
13 Petitioner's PCR petition insofar as Petitioner argued that trial and appellate counsel
14 rendered ineffective assistance by failing to challenge Petitioner's conviction and sentence
15 as to count 9. (*Id*. at 137) The superior court dismissed Petitioner's conviction and sentence
16 in count 9 but denied the remainder of Petitioner's PCR petition. (*Id*.) On November 2,
17 2022, the superior court granted Petitioner until December 12, 2022, to file a petition for
18 review. (*Id*. at 139) The record does not reflect that Petitioner filed a petition for review in
19 the Arizona Court of Appeals.[4]

20 **II.    PETITIONER'S HABEAS CLAIM**

21 In his December 12, 2023, Petition, Petitioner raises one ground for relief (Ground
22 One). (Doc. 1) Petitioner asserts that A.R.S. § 13-1407(E) placed the burden on Petitioner
23 to show lack of sexual intent as an affirmative defense to the charges of child molestation
24 and to the charges of sexual conduct with a minor in violation of Petitioner's due process
25 rights under the Sixth and Fourteenth Amendments of the United States Constitution.

---

26 [3] The filing date is the operative date of the superior court's ruling. *See* Ariz. R. Crim. P.
27 1.10(c) (*see* former Ariz. R. Crim. P. 1.3(c)).

28 [4] Further, the electronic court docket system for the Maricopa County Superior Court in case number CR2016-126427-001 does not reflect a petition for review: *see* https://perma.cc/6G9M-DBLT (last accessed July 30, 2024).

Petitioner also asserts that:

> Presently, an appeal to the Ninth Circuit is pending on this precise issue in *Bieganzki v. Shinn*, No. CV-21-01684-PHX-DWL, 2023 U.S. Dist. LEXIS 132440, 2023 WL 4862681 (July 31, 2023) (granting certificate of appealability). The court in *Bieganski* stated that the district court judge in *May* [*v. Ryan*, 245 F.Supp.3d 1145 (2017)] conducted the wrong analysis. It appears that the Ninth Circuit will determine whether the statute was unconstitutional before it was changed.
>
> It might be appropriate for this Court to stay its decision taking up the sexual intent issue concerning both molestation of a child and sexual conduct with a child pending the Ninth Circuit Court of Appeals' decision in *Bieganski*.

(*Id.* at 8)[5]

In their Answer to the Petition, Respondents argue that Ground One of the Petition fails on the merits and request that the Petition be denied. (Doc. 7) Due to the absence of merit to Petitioner's claim, Respondents also request that the Court decline to stay these proceedings pending appeal in *Bieganski v. Shinn*, No. CV-21-01684-PHX-DWL, 2023 U.S. Dist. LEXIS 132440, 2023 WL 4862681 (July 31, 2023), and that the Court deny a certificate of appealability. (*Id.*)

On May 28, 2024, Petitioner replied in support of his Petition's claim (Doc. 15), although Petitioner combined the reply with a motion to amend/supplement his Petition (*Id.*). The Court denied without prejudice the motion to amend/supplement portion of the reply filing as procedurally inappropriate. (Doc. 19)

On June 11, 2024, Petitioner filed a "Motion for Leave to Amend Petition for a Write [*sic*] of Habeas Corpus" ("motion to amend"), which was docketed as a motion to supplement. (Doc. 17) On July 9, 2024, Respondents filed a response to Petitioner's motion to amend. (Doc. 22) Petitioner filed a reply in support of his motion to amend. (Doc. 26) Petitioner's motion to amend was addressed by separate Report and Recommendation recommending denial. (Doc. 27)

---

[5] On March 27, 2020, in *May v. Ryan*, 807 F.App'x 632 (9th Cir. 2020), the Ninth Circuit reversed *May v. Ryan*, 245 F.Supp.3d 1145 (2017).

- 7 -

### III. MERITS

#### A. 28 U.S.C. § 2254 – Legal Standard of Review

On habeas review of claims adjudicated on the merits in a state court proceeding, this Court can only grant relief if Petitioner demonstrates that the state court's adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' […] which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). A federal court "look[s] to the last reasoned state court decision" to make a determination on a claim pursuant to Section 2254(d). *White v. Ryan*, 895 F.3d 641, 665 (9th Cir. 2018) (citing *Wilson v. Sellers*, 584 U.S. 122, 125-126 (2018)).

Under the "unreasonable application" prong of Section 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). For a federal court to find a state court's application of Supreme Court precedent "unreasonable" under Section 2254(d)(1), the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409.

To make a determination pursuant to Section 2254(d)(1), the Court first identifies the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the United States Supreme Court which existed at the time the petitioner's state court conviction became final. *Id.* at 412. The Supreme Court has emphasized that "an *unreasonable*

1 application of federal law is different from an *incorrect* or *erroneous* application of federal law." *Id.* (emphasis in original). Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101. Accordingly, to obtain habeas relief from this Court, Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Regarding Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). As the Ninth Circuit has explained, to find that a factual determination is unreasonable under Section 2254(d)(2), the court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014). "This is a daunting standard—one that will be satisfied in relatively few cases." *Id.*

The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." Section 2254(e)(1). The Supreme Court has not defined the precise relationship between Section 2254(d)(2) and Section 2254(e)(1) but has clarified "that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *See Burt v. Titlow*, 571 U.S. 12, 18 (2013) (citing *Wood*, 558 U.S. at 293, 301).

/ / /

### B. Ground One Fails on the Merits

In Ground One of the Petition, which is the only claim in the Petition, Petitioner asserts that A.R.S. § 13-1407(E) denied Petitioner due process under the Sixth and Fourteenth Amendments by placing the burden on a defendant to show lack of sexual intent as an affirmative defense to the crime of child molestation and the crime of sexual conduct with a minor.[6] (Doc. 1 at 5-8) Petitioner asserts that if a statute is unconstitutional, a defendant's prosecution is void. (Doc. 1 at 6) (citing *Ex parte Royall*, 117 U.S. 241, 248 (1886), and *Ex parte Yarbrough*, 110 U.S. 651, 654 (1884).) Petitioner also asserts that settled United States Supreme Court law holds that "'it is normally within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion … unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' *Patterson v. New York*, 432 U.S. 197, 201-02 (1977)[.]" (*Id.* at 7) (internal citations omitted). Petitioner argues that because lack of sexual motivation was an affirmative defense for child molestation pursuant to A.R.S. § 13-1407(E) at the time of the events, trial, convictions, and sentences imposed upon Petitioner, sexual intent was presumed instead of being an element of proof placed on the prosecution. (*Id.* at 7) Citing *State v. Holle*, 240 Ariz. 300 (2016), Petitioner asserts that at the time Petitioner was tried, convicted, and sentenced and before the Arizona legislature removed the affirmative defense in A.R.S. § 13-1407(E), "the Arizona Supreme Court had firmly decided that 'lack of sexual motivation' was a Constitutional affirmative defense, and that presuming sexual intent, rather than including it as an element, did not offend the United States Constitution, even though the defendant was required to prove lack of sexual intent by a preponderance of the evidence." (*Id.*) Petitioner also asserts that the removal of the affirmative defense by the Arizona legislature, effective August 3, 2018, created a strict liability offense. (*Id.* at 8) Petitioner represents that an appeal to the Ninth Circuit is pending in *Bieganski v. Shinn*,

---

[6] Petitioner at times asserts in his Petition and supporting reply that A.R.S. § 13-1407(E) placed the burden on a defendant to show an affirmative defense to sexual conduct with a minor. However, A.R.S. § 13-1407(E) (2008) only provided an affirmative defense to child molestation or sexual abuse of a minor.

No. CV-21-01684-PHX-DWL, 2023 WL 4862681 (D. Ariz. July 31, 2023), regarding whether A.R.S. § 13-1407(E) was unconstitutional prior to the change in statutory language. (*Id.*) Petitioner suggests that a stay of these proceedings pending such appeal may be appropriate. (*Id.*)

Respondents assert that in 2016, when Petitioner committed the crimes of conviction, a lack of sexual interest was a defense to A.R.S. § 13-1404 (sexual abuse) and A.R.S. § 13-1410 (child molestation). (Doc. 7 at 10) Respondents assert that *Holle*, upon which the court of appeals relied in affirming Petitioner's convictions and sentences, held that "due process did not prohibit the State from requiring a defendant to prove a lack of sexual motivation as an affirmative defense to child molestation and sexual abuse[.]" (*Id.* at 11-12) Respondents argue that because none of Petitioner's cited cases provide that a state may not place the burden of proving a defense on a criminal defendant, Petitioner has not met his burden of showing that the court of appeals' decision was contrary to or an unreasonable application of U.S. Supreme Court precedent. (*Id.* at 12-13) Further, Respondents argue that the court of appeals' determination that any possible error was harmless was not unreasonable. (*Id.* at 13-15) Respondents assert that harmless error analysis applies to burden-shifting issues and that any error in burden-shifting was harmless due to the "overwhelming evidence" establishing that Petitioner's actions were motivated by sexual interest. (*Id.* at 14-15)

In reply, Petitioner asserts that he "does not dispute that the facts underlying his convictions indicate sexual intent." (Doc. 15 at 3) Nevertheless, Petitioner argues that A.R.S. § 13-1407(E) and *Holle* unconstitutionally shifted the burden of proof for an essential element of sexual abuse and molestation of a child to a defendant. (*Id.* at 11-20) Petitioner asserts that mental state is inherent in the offense of sexual conduct with a minor, yet a defendant was required to negate such a mental state. (*Id.* at 11-12) Petitioner asserts that at the time of his trial, convictions, and sentencing, A.R.S. § 13-1407(E) provided a defense to prosecution for sexual abuse or molestation, namely that a defendant was not motivated by a sexual interest. (*Id.* at 13) Petitioner argues that the state must prove beyond

a reasonable doubt every fact necessary to constitute the offense with which a defendant is charged, and that a defendant's intent "is perhaps as close as one might hope to come to a core criminal offense element." (*Id.* at 13-15) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 493 (2000), and *Smith v. United States*, 568 U.S. 101, 110 (2013)). Petitioner argues that a defendant's intent in committing a crime is "so central to the definition of a crime that the burden of proof as to those elements may not be reallocated to the defendant under the pretense of labeling it an affirmative defense." (*Id.* at 14) By shifting the burden of proof regarding lack of sexual motive to Petitioner, Petitioner asserts that Arizona's statutes denied his due process right to a fair trial. (*Id.* at 15) Petitioner also asserts that the Arizona Supreme Court's statement in *Holle* that "treating lack of sexual motivation under § 13-1407(E) as an affirmative defense which a defendant must prove does not offend due process" was dicta. (*Id.* at 18-19) Petitioner asserts that *Holle* is contrary to *Mullaney*, 421 U.S. at 684, and *Patterson*, 432 U.S. at 215, which held that a state must prove every element of an offense beyond a reasonable doubt and may not shift the burden of proof to the defendant to prove intent or when an affirmative defense negates an element of the crime. (*Id.* at 18-20) As such, Petitioner argues that the court of appeals' decision in his direct appeal, which relied on *Holle*, is not entitled to deference. (*Id.* at 20)

Petitioner argues that the court of appeals did not address the merits of Petitioner's burden-shifting claim, such that this Court should review his Ground One claim *de novo*. (Doc. 15 at 18-19) However, the court of appeals made an express ruling on the merits of Petitioner's burden shifting due process claim rather than rejecting Petitioner's Ground One claim on a procedural basis. *See Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004) (state court has adjudicated on the merits when it decides constitutional claim on substantive basis, rather than on procedural rule); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (federal review not *de novo* even where state court does not provide reasoning). In providing the last reasoned decision on the merits of the Petition's claim during Petitioner's direct appeal of his convictions and sentences, the Arizona Court of Appeals stated:

> Our supreme court has held that sexual interest is not an element of child molestation or sexual abuse. [*State v. Holle*, 240 Ariz. 300], 304 ¶ 19 [(2016)]. We are bound by that decision. *State v. Smyers*, 207 Ariz. 314, 318 ¶ 15 (2004). As for the other charges, sexual interest is not an element of sexual conduct with a minor. A.R.S. § 13-1405(A).
>
> Even if sexual interest were an element of the charged offenses, no reasonable juror could have concluded that the offenses were not committed with sexual interest. [Petitioner] admitted he sexually touched M.M. numerous times, and he explained that the sexual contact was due to an overwhelming desire that resembled an addiction. Any possible error would have been harmless.

(Doc. 7-4 at 73-74)

To demonstrate that relief is warranted on the merits, Petitioner must demonstrate that the court of appeals' decision upholding his convictions was an objectively unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 409; 28 U.S.C. § 2254(d). Petitioner has not done so.

On February 27, 2018, Petitioner was convicted of crimes pursuant to A.R.S. §§ 13-1404(A) (sexual abuse), 13-1405(A) (sexual conduct with a minor), and 13-1410(A) (molestation of a child) based on 2016 events. (Doc. 7-1 at 3-8, 1060-1078) Petitioner was sentenced on March 19, 2018. (*Id*. at 1103) At the time of the events, trial, convictions, and sentencing, Section 13-1404(A) of the Arizona Revised Statutes provided that a defendant commits sexual abuse by "intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast." Further, Section 13-1405(A) provided that a defendant "commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." In addition, Section 13-1410(A) provided that a defendant commits child molestation by "intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age."

At the time of the events at issue, Petitioner's trial, Petitioner's convictions, and

Petitioner's sentencing, A.R.S. § 13-1407(E) (2008) provided that "[i]t is a defense to a prosecution pursuant to § 13-1404 or 13-1410 that the defendant was not motivated by a sexual interest." *See also Holle*, 240 Ariz. at 301. A.R.S. § 13-1407(E) (2008) did not provide a defense of lack of sexual interest for sexual conduct with a minor pursuant to A.R.S. § 13-1405.

In *Holle*, the Arizona Supreme Court expressly held that the state was not required to prove sexual interest as an element of sexual abuse or child molestation and a defendant was required to prove the affirmative defense of lack of sexual interest by a preponderance of the evidence. 240 Ariz. at 301. In *Holle*, the Arizona Supreme Court determined that A.R.S. §§ 13-1404 and 13-1410 were clear and unambiguous in that both statutes defined all the elements of sexual abuse and child molestation without mentioning, implying, or requiring sexual motivation. *Id*. at 303. Instead, each statute required that a defendant "intentionally or knowingly" engaged in sexual contact. *Id*. at 302-03. Because A.R.S. § 13-1407(E) (2008) clearly referred to lack of sexual motivation as a defense and sexual intent was not an element of sexual abuse or child molestation, the state was required to prove that a defendant intentionally or knowingly engaged in sexual contact as defined in A.R.S. § 13-1401(A)(3), but was not required to prove sexual interest or motivation. *Id*. at 303-04. The Arizona Supreme Court concluded in *Holle* that "it does not offend due process to require the defendant to prove by a preponderance of the evidence that, despite proof of every element of the offense, he is nevertheless blameless because of an affirmative defense" such as lack of sexual motivation under A.R.S. § 13-1407(E) (2008). *Id*. at 308.

Effective August 3, 2018, the Arizona state legislature removed the language in A.R.S. § 13-1407(E) (2008) that provided an affirmative defense to A.R.S. §§ 13-1404 and 13-1410 for lack of sexual interest. 2018 Ariz. Legis. Serv. Ch. 266 (H.B. 2283); *see also* A.R.S. § 13-1407 (2018). At the same time, the Arizona state legislature amended the definition of sexual contact in A.R.S. § 13-1401(A)(3) to exclude "direct or indirect touching or manipulating during caretaking responsibilities or interactions with a minor or

vulnerable adult that an objective, reasonable person would recognize as normal and reasonable under the circumstances." *Id*.

The United States Supreme Court has found that states have wide authority to define an offense and determine the required scienter for that offense. *See Martin v. Ohio*, 480 U.S. 228, 232-33 (1987); *Lambert v. California*, 355 U.S. 225, 228 (1957). The state must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [a defendant] is charged[,]" *In re Winship*, 397 U.S. 358, 364, and is not required to prove "the nonexistence of all affirmative defenses[.]" *Patterson*, 432 U.S. at 210-11. Where an affirmative defense does not negate an element of the offense, the state may shift the burden of proof to a defendant. *Smith*, 568 U.S. at 110 (allocating burden to defendant to show affirmative defense of withdrawal did not negate element of crime and did not violate due process). If an affirmative defense "'excuse[s] conduct that would otherwise be punishable,' but 'does not controvert any of the elements of the offense itself,' the Government has no constitutional duty to overcome the defense beyond a reasonable doubt." *Id*. (quoting *Dixon v. United States*, 548 U.S. 1, 6 (2006)). Moreover, a state court does not unreasonably apply clearly established federal law where the state court "decline[s] to apply a specific legal rule that has not been squarely established by th[e] United States Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

In denying Petitioner's claim regarding the burden-shifting to prove sexual interest, the Arizona Court of Appeals relied on *Holle*. The Arizona Court of Appeals was bound to follow the Arizona Supreme Court's decision in *Holle*, which found that requiring a defendant to prove a defense of lack of sexual interest did not violate due process. *See, e.g., State v. Smyers*, 207 Ariz. 314, 318 n.4 (2004) (courts are bound by supreme court decisions and "do not have the authority to modify or disregard [its] rulings"). This Court has consistently determined that the Arizona Court of Appeals was bound by *Holle*. *See, e.g., Bieganski v. Shinn*, 2022 WL 20470143, at *3-6 (D. Ariz. Nov. 14, 2022) (report and recommendation adopted in part and overruled on other grounds, 2023 WL 4862681, at *12 (D. Ariz. July 31, 2023)); *Wentworth v. Shinn*, 2020 WL 7248460 (D. Ariz. Apr. 29,

2020) (report and recommendation adopted, 2020 WL 7246436 (D. Ariz. Dec. 9, 2020)). Further, on March 27, 2020, in *May v. Ryan*, 807 F.App'x 632 (9th Cir. 2020), the Ninth Circuit reversed *May v. Ryan*, 245 F.Supp.3d 1145 (2017). Even if the Ninth Circuit had not reversed the district court's *May* decision, the district court's *May* decision was never clearly established federal law that the Arizona state courts were required to follow. *See Williams*, 529 U.S. at 412 (clearly established federal law is a holding from the U.S. Supreme Court at the time a petitioner's convictions became final).

Since the Ninth Circuit reversed this Court's decision in *May*, neither the Ninth Circuit nor the United States Supreme Court has issued a decision finding unconstitutional Arizona's statutory structure and language at issue here. None of Petitioner's cited cases in his Petition and reply hold that a state violates a defendant's due process rights by allocating the burden of proving a defense such as sexual interest to a criminal defendant. *See Patterson*, 432 U.S. at 206 (no violation of due process where defendant was required to prove affirmative defense of extreme emotional disturbance by preponderance of the evidence); *Smith*, 568 U.S. at 111 (withdrawal defense to conspiracy did not contradict element of the offense but rather "presupposes" that the defendant committed the offense); *Mullaney*, 421 U.S. at 686-87 (due process deprived where defendant bore burden to prove heat of passion defense, which would negate malice aforethought, an essential element of murder statute). Moreover, Petitioner does not demonstrate that the United States Supreme Court has established a specific rule that the affirmative defense structure here violates due process. *See Harrington*, 562 U.S. at 101.

Although Petitioner is correct that a state may not shift the burden of proof for intent or where an affirmative defense negates an element of the crime, sexual interest is not the requisite intent for A.R.S. §§ 13-1404, 13-1405, or 13-1410, nor does lack of sexual interest or motivation negate an element of A.R.S. §§ 13-1404, 13-1405, or 13-1410. *See Holle*, 240 Ariz. at 301-04. Petitioner does not demonstrate that sexual interest was an inherent element of sexual abuse or child molestation, nor that the affirmative defense of sexual interest negated any element of any of the crimes of conviction. Petitioner argues that

sexual interest is an essential element of child molestation because sexual interest separates innocent conduct from criminalized conduct under A.R.S. § 13-1410(A). (Doc. 15 at 14-15) However, A.R.S. § 13-1410(A) expressly provided that a defendant commits molestation by "intentionally or knowingly engaging in" prohibited sexual conduct. Similarly, A.R.S. §§ 13-1404(A) and 13-1405(A) provided that a defendant commits sexual abuse or sexual conduct with a minor by intentionally or knowingly engaging in the prohibited conduct. Sexual interest was not an element of A.R.S. §§ 13-1404(A), 13-1405(A), or 13-1410(A), and each statute required only knowing or intentional conduct. Arizona had wide latitude to determine the required scienter for A.R.S. §§ 13-1404, 13-1405, and 13-1410. *Martin*, 480 U.S. at 232-33. In sum, Petitioner has not demonstrated that the Arizona Court of Appeals unreasonably applied United State Supreme Court precedent in relying on *Holle* and finding that Petitioner's due process rights were not violated.

Further, even if sexual interest was properly an element of the offenses for which Petitioner was convicted, Petitioner has not demonstrated that the Arizona Court of Appeals' decision regarding harmless error was contrary to or an unreasonable application of clearly established federal law, or that the court of appeals "applied harmless-error review in an objectively unreasonable manner." *Inthavong v. Lamarque*, 420 F.3d 1055, 1058-59 (9th Cir. 2005); *see also Fry v. Pliler*, 551 U.S. 112, 119 (2007) (citing *Mitchell v. Esparza*, 540 U.S. 12 (2003)) (where state court finds constitutional violation was harmless, no habeas relief unless harmlessness determination was unreasonable). As the court of appeals recognized, Petitioner made several admissions as to sexual contact with M.M. during a confrontation call with M.M.'s mother, and Petitioner expressly stated that the sexual contact leading to the charges against him was due to "overwhelming desires" that Petitioner "described as an addiction." (*See* Doc. 7-4 at 67) Petitioner "does not dispute that the facts underlying his convictions indicate sexual intent." (Doc. 15 at 3) The court of appeals' harmlessness finding was not unreasonable in light of Petitioner's statements about the events leading to the charges against him. *See Rose v. Clark*, 478 U.S. 570, 579-

82 (1986) (where inference of intent was overpowering, error regarding burden-shifting was harmless); *United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008) (omission of element of the crime—state of mind—was harmless where evidence supported required state of mind).

Petitioner has not demonstrated that the court of appeals' decision regarding his Ground One claim was contrary to or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's Ground One claim fails on the merits. Given the state court record and the analysis above, the Court rejects Petitioner's suggestion that a stay of this matter may be appropriate.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's Ground One claim fails on the merits. Therefore, it is recommended that the Petition be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

Assuming the recommendations herein are followed in the District Judge's judgment, the undersigned recommends that a certificate of appealability be denied because jurists of reason would not find the Court's rejection on constitutional grounds of Petition Ground One to be "debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner asked the trial court for an instruction that sexual intent was an element of the offense for the state to prove, but unlike in *Bieganski* where a certificate of appealability was granted, Petitioner did not raise an affirmative defense at trial of lack of sexual interest. (Doc. 7-1 at 896-898) In addition, the Arizona Court of Appeals found on this record that no reasonable juror could have concluded that the offenses were not committed with sexual interest given the abundant evidence of sexual interest as motivation for Petitioner's acts underlying the convictions. Further, in these habeas proceedings "Petitioner does not dispute that the facts underlying his convictions indicate sexual intent." (Doc. 17 at 2; Doc. 15 at 3) Petitioner's legal

argument supporting his habeas claim plainly fails as set forth above. For the reasons stated in this Report and Recommendation a certificate of appealability is not appropriate in this matter regarding the Petition claim. Further, for the reasons stated in the Report and Recommendation regarding Petitioner's motion to amend (Doc. 17), a certificate of appealability is not appropriate in this matter regarding denial of Petitioner's motion to amend (Doc. 17).

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petition (Doc. 1) be denied with prejudice and that the Clerk of Court be directed to terminate this matter.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied regarding the Petition's sole claim (Doc. 1) and regarding denial of Petitioner's motion to amend (Doc. 17).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of August, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge